UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

C.R.P. (XXX-XX-6754)                CIVIL ACTION NO. 11-cv-1719

VERSUS                              JUDGE STAGG

U.S. COMMISSIONER, SOCIAL           MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

C.R.P. ("Plaintiff") was born in 1960 and has prior work experience as a manager of What-A-Burger fast food hamburger restaurant. She applied for Supplemental Security Income benefits based primarily on her difficulty breathing. ALJ W. Thomas Bundy analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 416.920. He found that Plaintiff was not working (step one) and suffered from chronic obstructive pulmonary disease, hypertension, and mild diastolic dysfunction, impairments that are severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listing (step three) that would require a finding of disabled without further analysis.

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, "except she cannot work in concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other such environmental irritants." He then turned to a discussion of whether Plaintiff could, with that RFC, perform her past relevant work (step four).

Social Security Ruling 82-62 directs that past work experience be "considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work." The Ruling goes on to explain that the claimant is often the primary source for vocational documentation, and her statements must be carefully appraised and, in some cases, supplementary or corroborative information from other sources such as an employer or the Dictionary of Occupational Titles may be required.

Ruling 82-62 states in several places the importance of obtaining detailed information about the demands of the job and issuing a fully explained decision. The written decision "must contain" certain findings, including "(A) a finding of fact as to the physical and mental demands of the past job/occupation." The Ruling further explains:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some cases, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

Plaintiff completed a form during the application process in which she stated that she worked at the hamburger restaurant for seven years. She described her job as: "Cooked, cleaned up. After and during shift counted and closed out shift when shift was over." The form asked for information about lifting and similar physical requirements, but it did not ask about exposure to fumes, odors, poor ventilation, and other such environmental irritants. Tr. 95-6.

Plaintiff testified at a hearing about her difficulty breathing. The ALJ then asked a vocational expert ("VE") whether Plaintiff could perform any of her prior jobs if she had the RFC for light work, reduced by the requirement that there be no concentrated exposure to the environmental irritants. The VE testified: "Yes, sir. It would leave the fast food manager job." Tr. 44-45. The VE never spoke again at the hearing. The ALJ elicited from Plaintiff that she had worked at the job for seven years (Tr. 45), but he asked no more questions about the demands of the job.

The ALJ wrote two paragraphs to support his conclusion that Plaintiff could perform her past relevant work as fast food manager.

> The claimant has past relevant work as a fast food manager. According to written report and hearing testimony, [Plaintiff] held the position for 7 years, from July 1993 to September 2000. As she described the position, it was light work and amounted to vocationally relevant past work experience [as required by the applicable regulations].
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed. The undersigned is relying upon vocational expert testimony, given in response to the hypothetical on which the RFC was based. The Administrative Law Judge has affirmed that the testimony of the vocational expert is not in conflict with the information in the *Dictionary of Occupational Titles*. (Social Security Ruling 00-4p)

Tr. 15.

The ALJ's determination at step four may rest on descriptions of past work as actually performed or as generally performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990). The ALJ began by stating that he based his decision on how the job was actually performed by Plaintiff, but the record contains no statement by Plaintiff

regarding whether she was exposed to the prohibited environmental irritants, and the ALJ did not ask Plaintiff about that or any other aspects of her job. Any person who has ever entered a What-A-Burger restaurant knows that the employees are exposed to a certain level of odors related to the constant cooking and frying of hamburgers, onions, french fries, and the like. Given the lack of detailed information about the demands of the job, particularly the degree of exposure a manager has to environmental irritants, the undersigned cannot say that the ALJ's decision is supported by substantial evidence.[1] The ALJ stated that he also relied on the VE's testimony, but the VE offered her brief testimony without any particular information about whether Plaintiff was exposed to environmental irritants as she actually performed her past job.

The Commissioner argues that the absence of information about the demands of the manager job falls on Plaintiff, who has the burden on the first four steps, including whether she can return to past relevant work. Plaintiff does have the burden on step four, but the ALJ has a duty in the non-adversarial proceeding to develop the facts relative to a claim fully and fairly. Kane v. Heckler, 731 F.2d 1216, 1219 (5th Cir. 1984). The ALJ may not merely sit and listen, and his basic obligation to develop a full and fair record "rises to a special duty when an unrepresented claimant unfamiliar with the hearing procedures appears before him."

---

[1] The court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).

Id. There is a reasonable likelihood that, had the ALJ developed the record about Plaintiff's former job duties, he would have adduced evidence regarding exposure to environmental irritants that might have altered the result.

The Commissioner argues that any error is harmless because the Commissioner's review of the Dictionary of Occupational Titles code for fast food manager (185.137-010) shows that the job requires only the ability for light work and indicates that exposure to weather, extreme cold, extreme heat, and other environmental conditions are "not present" with this job. It is true that reversal and remand are not required for truly harmless errors, but the ALJ did not actually make a finding that Plaintiff could perform the demands of the job as generally performed or even identify that particular occupational code as applicable in this case. There could be other aspects of that job, as generally performed, that are not consistent with Plaintiff's limitations. The issue was not addressed at the agency level, and the court should not engage in de novo decision making on alternative grounds in an effort to shore up the ALJ's decision. A review of the ALJ's decision, as written, finds that it is not supported by substantial evidence.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded to the Commissioner for further proceedings consistent with the court's opinion.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of January, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE